UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

AYSHA RIAZ,

    Plaintiff,                            DEMAND FOR JURY TRIAL

-vs-                                         Case No.
                                            Hon.

TIMEPAYMENT CORP.*,*

    Defendant.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2. This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

### Venue

3. The transactions and occurrences which give rise to this action occurred in Washtenaw County.

4. Venue is proper in the Eastern District of Michigan.

## Parties

5. Aysha Riaz resides in Ypsilanti, Michigan.

6. Aysha Riaz is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

7. The Defendant to this action is TimePayment Corp. ("TPC"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## General Factual Allegations

8. Plaintiff discovered false information on one or more of her consumer reports being reported by TPC ("TPC false information").

9. Ms. Riaz disputed the TPC false information by transmitting actual notice of her dispute along with an adequate description and explanation to each of the major credit reporting agencies.

10. Ms. Riaz requested that the credit reporting agencies reinvestigate and correct the TPC false information as envisioned by 15 U.S.C. § 1681i.

11. Ms. Riaz's request for reinvestigation included sufficient information to provide actual notice that the TPC false information was inaccurate and the source of information was not reliable.

12. One or more credit reporting agencies responded to this dispute from Ms. Riaz by requesting verification of the TPC false information from TPC.

13. TPC responded to the reinvestigation request by verifying the TPC false information.

14. TPC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

15. As a result of TPC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## COUNT I – Fair Credit Reporting Act (TPC)

16. Ms. Riaz incorporates the preceding allegations by reference.

17. TPC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Riaz through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

18. In the event that TPC was unable to verify the information which it had reported after a reasonable reinvestigation, TPC was required to advise the credit reporting agency of this fact.

19. TPC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the TPC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

20. TPC did not conduct a reasonable reinvestigation, and continued to report the TPC false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

21. Following dispatch of notice directly to TPC, TPC reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

22. Following the dispatch of direct notice to TPC, TPC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

23. TPC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Riaz's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

24. In the alternative, TPC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

25. TPC willfully refused to properly reinvestigate the inaccuracies in Ms. Riaz's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

26. In the alternative, TPC negligently failed to conduct a proper reinvestigation of Ms. Riaz's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

27. Ms. Riaz has suffered damages as a result of these violations of the FCRA.

## COUNT II – Intentional Infliction of Emotional Distress

## (TPC)

28. Plaintiff incorporates the preceding allegations by reference.

29. TPC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

30. TPC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

31. TPC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

32. Plaintiff has suffered damages as a result of the conduct of TPC.

## **COUNT III – Negligence**

## **(TPC)**

33. Plaintiff incorporates the preceding allegations by reference.

34. TPC owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

35. TPC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

36. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by TPC.

## **COUNT IV– Negligence *Per Se***

## **(TPC)**

37. Plaintiff incorporates the preceding allegations by reference.

38. TPC's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

39. Those unreasonable actions were *per* se unreasonable.

40. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by TPC.

## COUNT IV – Defamation by Libel

## (TPC)

41. Plaintiff incorporates the preceding allegations by reference.

42. TPC's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

43. TPC's publications were not privileged communications.

44. TPC's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

45. The statements were *per se* defamatory.

46. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

47. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT V – Malicious Statutory Libel

## (TPC)

48. Plaintiff incorporates the preceding allegations by reference.

49. The inaccurate credit information was published with malice or ill-will.

50. Plaintiff has suffered damages as a result of this malicious libel by TPC in violation of M.C.L. § 600.2911.

51. Plaintiff is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## Demand for Jury Trial

52. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

a.  *Assume jurisdiction over all claims;.*

b.  *Award actual damages.*

c.  *Award statutory damages.*

d.  *Award punitive damages.*

e.  *Award statutory costs and attorney fees.*

    Respectfully Submitted,

    ADAM G. TAUB & ASSOCIATES
    CONSUMER LAW GROUP, PLC

By:  /s/ Adam G. Taub
      Adam G. Taub (P48703)
      Attorney for Aysha Riaz
      17200 West 10 Mile Rd. Suite 200
      Southfield, MI 48075
      Phone: (248) 746-3790
      Email: adamgtaub@clgplc.net

Dated: December 13, 2022